Alan H. Weinreb, Esq.
MARGOLIN, WEINREB & NIERER, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 921-3838
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AVAIL 1 LLC,

                Plaintiff,                      1:23-cv-1527 (BKS/CFH)

      -against-                      VERIFIED COMPLAINT

MAUREEN LEMME, EXECUTOR OF THE
ESTATE OF ROBERT J. UMHOLTZ,
Defendant(s).
-----------------------------------------------------------X

       Plaintiff, Avail 1 LLC, ("Avail" or "Plaintiff"), by and through its attorneys, Margolin, Weinreb & Nierer, LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against Defendant Maureen Lemme, Executor of the Estate of Robert J. Umholtz (the "Defendant"), respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a Home Equity Conversion Mortgage encumbering the property commonly known as 49 Ramsey Place, Albany, NY 12208 known on the Albany County Tax Map as Section: 75.35 Block: 1 Lot: 29 in the County of Albany and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

2. This action is brought on behalf of Avail to foreclose on a Home Equity Conversion Mortgage (hereinafter "HECM") also known as a Reverse Mortgage, which program is regulated and set forth in 24 CFR Part 206, et seq. and all subsequent handbooks (4330.1 REV-5).

## PARTIES

3. Avail 1 LLC is a single-member limited liability company, whose sole member is a citizen of the United States and is domiciled in the State of Florida. For the purposes of diversity, Avail is a citizen of the State of Florida.

4. Maureen Lemme is the Executor of the Estate of Robert J. Umholtz, who died a resident of Albany County on February 10, 2020, by virtue of the Decree Granting Probate dated April 24, 2020. A copy of the Decree Granting Probate is annexed hereto as Exhibit "F".

5. Maureen Lemme, upon information and belief, is a resident and citizen of the State of New York, having an address at 322 Madison Avenue, Rensselaer, NY 12144. Maureen Lemme is a necessary party defendant to this action only by virtue of the fact that she is Executor of the Estate of Robert J. Umholtz pursuant to the Decree Granting Probate.

6. Robert J. Umholtz (now deceased), upon information and belief, was a resident and citizen of the State of New York, having an address at 49 Ramsey Place, Albany, NY 12208. Robert J. Umholtz (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is the Mortgagor under the Mortgage.

7. The above-named defendants has or claims to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

8. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

9. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

10. This action is brought to foreclose a Home Equity Conversion Mortgage made by Robert J. Umholtz, now deceased, set out as follows: Mortgage dated September 1, 2005, made by Robert J. Umholtz to M&T Mortgage Corporation to secure the sum of $258,948.00 and interest, recorded in Book 5067 Page 1032 in the Albany County Clerk's Office on September 28, 2005. Said lien covers premises known as 49 Ramsey Place, Albany, NY 12208. A copy of the Mortgage is annexed as Exhibit "B".

11. On September 1, 2005, Robert J. Umholtz, now deceased, executed and delivered a Note to M&T Mortgage Corporation in the amount of $258,948.00 and interest (the "Note"). The Note was subsequently transferred by the affixation of a proper allonges and endorsement to the Note. A copy of the Note with allonges and endorsement is annexed as Exhibit "C".

12. Pursuant to paragraph (9)(a)(i) of the Mortgage, titled "Grounds for Acceleration of Debt", Lender may require immediate payment-in-full of all outstanding principal and accrued interest if a borrower dies and the property is not the principal residence of at least one surviving Borrower.

13. The note-maker Robert J. Umholtz died on February 10, 2020.

14. The mortgaged premises is not occupied by a surviving borrower.

15. The Mortgage was assigned by Assignments of Mortgage as follows:

   a) **Assignor:** M&T Mortgage Corporation
      **Assignee:** Financial Freedom Senior Funding Corporation, a subsidiary of IndyMac Bank, F.S.B.
      **Dated:** September 1, 2005, **Recorded:** September 28, 2005
      Book: 5068 Page:1070

   b) **Assignor:** Financial Freedom Senior Funding Corporation
      **Assignee:** MERS as nominee for Financial Freedom Acquisition, LLC
      **Dated:** October 28, 2009 **Recorded:** December 9, 2009
      Book: 5972 Page: 605

   c) **Assignor:** MERS as nominee for Financial Freedom Acquisition, LLC
      **Assignee:** Secretary of Housing and Urban Development
      **Dated:** December 10, 2014 **Recorded:** March 6, 2015
      Book: 6922 Page: 995

   d) **Assignor:** Secretary of Housing and Urban Development
      **Assignee:** American Built Communities, Inc.
      **Dated:** August 24, 2023, **Recorded:** September 8, 2023
      Instrument #: R2023-16166

   e) **Assignor:** American Built Communities, Inc.
      **Assignee:** Avail Holding LLC
      **Dated:** August 24, 2023, **Recorded:** September 8, 2023
      Instrument #: R2023-16167

   f) **Assignor:** Avail Holding LLC
      **Assignee:** Avail 1 LLC
      **Dated:** August 24, 2023, **Recorded:** September 8, 2023
      Instrument #: R2023-16168

   A copy of the Assignments are annexed hereto as Exhibit "D", respectively.

16. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage, if applicable.

17. Plaintiff is in physical possession and is the owner and holder of said original Note and HECM.

18. Pursuant to paragraph (9)(a)(i) of the Mortgage: "Due and Payable: Lender may require payment in full of all sums secured by this security instrument if a borrower dies and the property is not the principal residence of at least one surviving Borrower.

19. By reason of the event of default, the Plaintiff hereby elects to declare the entire sum under the agreement to be due and payable.

20. The death of Robert J. Umholtz, deceased borrower, triggered the right to foreclose on the mortgaged premised and payment of all outstanding amounts due.

21. Plaintiff has complied with the contractual provisions in the loan documents in that Default Notice to cure was issued on August 18, 2023 to The Estate of Robert J. Umholtz and Maureen Lemme, as Executor (the "Default Notice") advising of possible acceleration of the loan and that by virtue of the continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. The CFPB Reg. F Validation Notice was issued on August 18, 2023 to The Estate of Robert J. Umholtz and Maureen Lemme, as Executor (the "Validation Notice"). The 90-day notice provided by RPAPL §1304(1) (the "90 Day Notice") was issued on August 18, 2023 to The Estate of Robert J. Umholtz and Maureen Lemme, as Executor. Plaintiff has complied with the registration requirements of RPAPL §1306(1). Copies of the Default Notice, Validation Notice and 90 Day Notice with proof of mailing and registration are annexed hereto as Exhibit "E".

22. Pursuant to RPAPL Section 1302 as amended, the Plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

23. Plaintiff is in compliance with Section Nine-X of the New York State Banking Law, if applicable.

24. As of the date herein, Maureen Lemme, as Executor and the Estate of Robert J. Umholtz have failed to respond to the Default Notice and the 90 Day Notice.

25. Due to the above-described default, the Maureen Lemme, as Executor and the Estate of Robert J. Umholtz are indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

    a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of November 30, 2023, amounts to $265,455.21:

    b. Attorney's fees and other costs and disbursements, payable to Avail 1 LLC, under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

    c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

26. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

    a. Any state of facts that an inspection of the premises would disclose.

    b. Any state of facts that an accurate survey of the premises would show.

    c. Covenants, restrictions, easements and public utility agreements of record, if any.

    d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

    e. Any right of tenants or person in possession of the subject premises.

    f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

    g. Prior lien(s) of record, if any.

27. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

28. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

29. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof.

**WHEREFORE**, on the first cause of action, the Plaintiff demands judgment that the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any

sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the Plaintiff may have such other and further relief, or both, in the

premises, as may be just and equitable.

Dated: December 5, 2023
      Syosset, New York

                        Yours, etc.
                        Margolin, Weinreb & Nierer, LLP
                        Attorneys for Plaintiff

                        By: /s/ Alan H. Weinreb
                              Alan H. Weinreb, Esq.

## VERIFICATION BY ATTORNEY

**ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: December 5, 2023
         Syosset, New York

                                           /s/ Alan H. Weinreb
                                          **ALAN H. WEINREB**