UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AVAIL 1 LLC,

                                                           Plaintiff,

v.                                                                                              1:23-CV-1527 (BKS/CFH)

MAUREEN LEMME, Executor of the
Estate of Robert J. Umholtz,

                                                           Defendant.
_____

**APPEARANCES:**

*For Plaintiff*:
Alan H. Weinreb
Margolin, Weinreb & Nierer, LLP
165 Eileen Way, Suite 101
Syosset, NY 11791

**Hon. Brenda K. Sannes, Chief United States District Court Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

      Plaintiff Avail 1 LLC brought this diversity action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Article 13, N.Y. Real Prop. Acts. Law § 1301 *et seq.*, seeking to foreclose a mortgage encumbering 49 Ramsey Place, Albany NY 12208. (Dkt. No. 1). Defendant Maureen Lemme, Executor of the Estate of Robert J. Umholtz, has failed to file an Answer to the Complaint. Plaintiff requested and received an entry of default against Defendant from the Clerk of the United States District Court for the Northern District of New York under Rule 55(a) of the Federal Rules of Civil Procedure. (Dkt. Nos. 6–7). Plaintiff now moves for a

1

default judgment and judgment of foreclosure and sale, as well as for the appointment of a Referee. (Dkt. No. 9). For the reasons stated below, the motion is denied.

## II. BACKGROUND

According to the Complaint, on September 1, 2005, Robert J. Umholtz ("Decedent") executed and delivered to M&T Mortgage Corporation a Note in the amount of $258,948.00 and interest to cover the premises known as 49 Ramsey Place, Albany, NY 12208. (Dkt. No. 1, ¶¶ 10–11). The Home Equity Conversion Mortgage, also known as a reverse mortgage, (*id.* ¶ 2), was recorded in the Office of the Clerk of the County of Albany on September 28, 2005 in Book 5067 Page 1032. (*Id.* ¶ 10). The Mortgage was subsequently assigned by Assignments of Mortgage six times. (*Id.* ¶ 15). The final assignment from Avail Holding LLC to Avail 1 LLC was dated August 24, 2023, and recorded September 8, 2023 in Instrument No. R2023-16168. (*Id.*). As of the final assignment, Plaintiff is the owner and holder of the Note and Mortgage. (*Id.* ¶ 17).

Decedent died on February 10, 2020. (*Id.* ¶ 13). The mortgaged premises is not occupied by a surviving borrower. (*Id.* ¶ 14). Under the terms of the mortgage, immediate payment-in-full of all outstanding principal and accrued interest may be required if a borrower dies and the property is not the principal residence of at least one surviving borrower. (*Id.* ¶ 12). Decedent's death therefore triggered Plaintiff's right to elect the entire sum under the agreement to be due and payable and to foreclose on the mortgaged premises. (*Id.* ¶¶ 19–20). Plaintiff elected these rights by commencing this action on December 5, 2023 against Defendant. (*Id.* ¶¶ 4–5). As of November 30, 2023, the amount due under the Note was $265,455.21. (*Id.* ¶ 25). Plaintiff alleges that it has "complied with the contractual provisions in the loan documents" and "with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304,

except where it is exempt from doing so." (*Id.* ¶¶ 21–22). Defendant did not respond to the notices sent in compliance with those requirements. (*Id.* ¶ 24).

Plaintiff has submitted a certificate of a mortgage foreclosure title search stating that as of May 17, 2023, Decedent was the owner of the mortgaged premises. (Dkt. No. 13, at 3).

### III. DISCUSSION

#### A. Standard of Review

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *see also* Local Rule 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded."). Second, under Fed. R. Civ. P. 55(b)(2), the plaintiff must "apply to the court for entry of default judgment." *Priestly*, 647 F.3d at 505; *see also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default[,] . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").

3

### B. Entry of Default Judgment

On January 3, 2024, Plaintiff requested a clerk's entry of default under Rule 55(a), and as required by Local Rule 55.1, Plaintiff submitted an affidavit showing that: (1) Defendant is not an infant, in the military, or an incompetent person; (2) Defendant failed to file an answer or otherwise defend this action; and (3) Plaintiff properly served the Complaint. (Dkt. No. 6). On January 3, 2024, Plaintiff received a clerk's entry of default as to Defendant. (Dkt. No. 7).

On February 5, 2024, Plaintiff moved for default judgment under Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b). (Dkt. No. 9). Plaintiff served the motion and supporting documents on Defendant by mail, (Dkt. No. 9-7), and Defendant has filed no response. Plaintiff has thus met the procedural requirements for entry of a default judgment under Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b). Accordingly, the Court will address liability and damages.

### C. Liability

By failing to answer the Complaint or oppose this motion, Defendant is deemed to have admitted the factual allegations in the Complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."); *Rolex Watch, U.S.A., Inc. v. Pharel*, No. 09-cv-4810, 2011 WL 1131401, at *2, 2011 U.S. Dist. LEXIS 32249, at *5–6 (E.D.N.Y. Mar. 11, 2011) (citation omitted) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim.").

"The decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015). Even where a defendant has admitted all well-pleaded facts in the complaint by virtue of default, a district

court "need not agree that the alleged facts constitute a valid cause of action," and may decline to enter a default judgment on that ground. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). Indeed, the Second Circuit has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *Id.* (alteration in original) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

To state a valid claim for relief under RPAPL, Plaintiff must first establish the common law elements of: (1) the existence of a debt; (2) that is secured by a mortgage; and (3) a default on that debt. *OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015) (citing *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012)). In addition, prior to commencing a residential foreclosure action, a lender must comply with following requirements set forth in the RPAPL: (1) service of the statutory notice on the mortgagor with the summons and complaint,[1] (2) service of the statutory notice on the mortgagor prior to commencing the action,[2] (3) filing the required information with the superintendent of the New York State Department of Financial Services,[3] (4) service of a summons containing specified language,[4] and (5) filing the notice of pendency in compliance with RPAPL § 1331 and New York C.P.L.R. §

---

[1] Section 1303 of the RPAPL requires the foreclosing party in a mortgage foreclosure action to serve a statutory notice entitled "Help for Homeowners in Foreclosure" with the summons and complaint. N.Y. R.P.A.P.L. § 1303; *see also OneWest Bank, N.A.*, 310 F.R.D. at 44 n.4.

[2] Section 1304 of the RPAPL requires, with regard to a reverse mortgage home loan, the lender to serve a statutory notice entitled "YOU COULD LOSE YOUR HOME TO FORECLOSURE." on the borrower 90 days before commencing the foreclosure action. N.Y. R.P.A.P.L. § 1304; *see also OneWest Bank, N.A.*, 310 F.R.D. at 44 n.3.

[3] Section 1306 of the RPAPL requires the lender to file the New York State Department of Financial Services' form containing the borrower's name, address, and last known telephone number together with the amount claimed as due and owing on the mortgage within three business days of mailing the § 1304 notice. N.Y. R.P.A.P.L. § 1306; *see also OneWest Bank, N.A.*, 310 F.R.D. at 44 n.5.

[4] Section 1320 of the RPAPL requires the lender to serve a summons that, in addition "to the usual requirements applicable to a summons in the court," contains a notice "in boldface" that reads "NOTICE YOU ARE IN DANGER OF LOSING YOUR HOME." N.Y. R.P.A.P.L. § 1320.

5

6511(a).[5] *Id.*

Here, Plaintiff asserts that Decedent owes a debt, that this debt is secured by a mortgage in favor of Plaintiff, and that he is in default on that debt. (Dkt. No. 1, ¶¶ 11, 17, 19). Therefore, Plaintiff has established the common law elements of a mortgage foreclosure claim. As to the RPAPL requirements, it does not appear that Plaintiff was obligated to comply with the first requirement. Section 1303 only applies to actions that relate to an "owner-occupied one-to-four family dwelling" or a "tenant of a dwelling unit." N.Y. R.P.A.P.L. § 1303(1). Because the initial borrower died and the mortgaged premises is not occupied by a surviving borrower or a tenant within the meaning of N.Y. R.P.A.P.L. § 1305(c), the property is not owner or tenant-occupied and no notice was required under Section 1303. (*See* Dkt. No. 1, ¶¶ 13–14). In any event, the record reflects that the Section 1303 notice was served on the Defendant. (Dkt. No. 5).

Plaintiff has provided evidence of its compliance with Section 1304, namely a copy of the notice mailed via certified mail to the mortgaged premises, (Dkt. No. 9-4, at 63–68), and to Defendant, (*id.* at 75–80) and an affidavit attesting that these notices were mailed on August 18, 2023, (*id.* at 81), more than 90 days prior to the commencement of this action on December 5, 2023. This is sufficient to show compliance with Section 1304. *See Hudson City Sav. Bank v. DePasquale*, 139 N.Y.S.3d 645, 647 (2d Dep't 2020).

However, Plaintiff has not demonstrated its compliance with the remaining requirements. Plaintiff provided a "Proof of Filing Statement" from the New York State Department of Financial Services as evidence of its compliance with Section 1306. (Dkt. No. 9-4, at 82). Under

---

[5] Section 1331 of the RPAPL requires that the plaintiff "at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording." N.Y. R.P.A.P.L. § 1331. New York C.P.L.R. § 6511(a) requires that, unless the complaint has already been filed in the county in which the property affected is located, the complaint must be filed with the notice of pendency. N.Y. C.P.L.R. § 6511(a).

6

Section 1306, though, "the amount claimed as due and owing on the mortgage" must be included in the filing. N.Y. R.P.A.P.L. § 1306(2). The document submitted by Plaintiff lists the amount of the "original loan" as $258,948. (Dkt. No. 9-4, at 82). On August 18, 2023, three business days before this document was filed, Plaintiff mailed a "Mortgage Due & Payable Notification" to the mortgaged premises, (*id.* at 57–62), and to Defendant, (*id.* at 69–74), that identified the reverse mortgage amount and ULB[6] as $257,792.03 (*id.* at 58, 62, 70, 74). In the complaint, Plaintiff alleged that the loan was originally made in the sum of $258,948, (Dkt. No. 1, ¶ 10). On this record the Court cannot find that Plaintiff has established that it complied with the Section 1306 filing requirement of including "the amount claimed as due and owing on the mortgage."

Next, Plaintiff submitted "[a] copy of the Summons, Complaint and Notice of Pendency" as "Exhibit 'A.'" (Dkt. No. 9-1, ¶ 6). The exhibit does include the summons and complaint, but it does not include the Section 1320 notice. (Dkt. No. 9-4, at 2–12). The Section 1320 notice is not included in the documentation accompanying Plaintiff's motion for default judgment. (*See id.*). Nevertheless, Plaintiff did submit the Section 1320 notice as part of the documentation accompanying the complaint, (Dkt. No. 1-2), and the summons returned executed by Plaintiff on the docket indicates that the Section 1320 notice was served along with the summons, complaint, and Section 1303 notice (Dkt. No. 5). While this suggests that the Section 1320 notice was sent, only the Section 1303 notice was attached to the summons. (*Id.*). The Section 1320 notice was not attached to the summons, so it is unclear whether the Section 1320 notice attached to the complaint was served with the summons, complaint, and Section 1303 notice. And Plaintiff's moving papers do not include any documentation regarding service of the Section 1320 notice. (*See* Dkt. No. 9-4). Plaintiff has thus not met its burden of establishing that it complied with

---

[6] The notice does not define "ULB." The Court presumes that it refers to an "updated" or "unpaid" loan balance.

Section 1320. *See Freedom Mortg. Corp. v. Thomas*, No. 6:23-cv-6339, 2024 WL 2808369, *2; 2024 U.S. Dist. LEXIS 98253, *5 (W.D.N.Y. June 3, 2024) (citing cases, finding that it was insufficient to establish compliance with Section 1320 where the plaintiff submitted a copy of the Section 1320 notice and asserted in its motion papers that the notice was delivered when service was effectuated because the proof of service did not state that the Section 1320 notice was served with the summons and complaint).

Lastly, Plaintiff has provided evidence of its compliance with RPAPL § 1331 by submitting a Notice of Pendency on file with the Albany County Clerk. (Dkt. No. 9-4, at 85–86). However, Plaintiff has not demonstrated its compliance with C.P.L.R. § 6511(a). There is no evidence that Plaintiff submitted the complaint to the Albany County Clerk's office or that the complaint is already on file there, as required by C.P.L.R. § 6511(a).

Accordingly, Plaintiff's motion for default judgment is denied without prejudice to renewal. Any renewed motion for default judgment must demonstrate how Plaintiff has complied with Section 1306, Section 1320, and C.P.L.R. § 6511(a).

### D. Damages

Although Plaintiff is not entitled to default judgment at this time, in the interest of efficiency and in anticipation of a renewed motion, the Court will briefly address the damages sought by Plaintiff.

A party's default "is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). On a motion for default judgment, a court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine*

*Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234 (citing Fed. R. Civ. P. 55(b)(2)). The note and mortgage, as the governing instruments, should determine any default damages. *Builders Bank v. Rockaway Equities, LLC*, No. 08-cv-3575, 2011 WL 4458851, at *5, 2011 U.S. Dist. LEXIS 107409, at *13 (E.D.NY. Sept. 23, 2011).

With respect to the monies owed, Plaintiff has submitted an affidavit from James Fratangelo, the Manager of Avail 1 LLC. (Dkt. No. 9-6). Mr. Fratangelo states that as of January 29, 2024, Plaintiff owed:

| | |
|---|---|
| Unpaid Principal | $257,792.03 |
| Unpaid Interest | $49,365.47 |
| TOTAL: | $307,103.50[7] |

(*Id.* ¶¶ 5–6, 8). The Court finds that Mr. Fratangelo's affidavit, absent accompanying documentation, does not provide adequate support for these monies owed. For example, Plaintiff does not supply a copy of Decedent's payment history to support the unpaid principal balance. This deficiency is especially critical in light of the multiple numbers presented throughout Plaintiff's submissions to the Court, as discussed in Section III(C). The unpaid principal amount listed in Mr. Fratangelo's affidavit is the same as the amount listed in the August 18, 2023 "Mortgage Due & Payable Notification," but there is no documentation to indicate how this number was calculated. (*See* Dkt. No 9-4, at 58, 62, 70, 74; Dkt. No. 9-6, ¶ 5). Furthermore, Mr.

---

[7] The Fratangelo affidavit states that "[t]he total past due interest in the amount of $49,365.47 plus the total principal balance in the amount of $257,792.03 equals the total amount owed on this loan in the amount of $307,103.50." (Dkt. No. 9-6, ¶ 8). The Court notes that these two numbers properly added actually equates to $307,157.50.

9

Fratangelo claims that "[p]ursuant to the terms of the Loan, at the time of default the interest rate was, and continues to be, 6.650%." (Dkt. No. 9-6, ¶ 7). The Loan, however, sets the initial interest rate at 5.38%, (Dkt. No. 9-4, at 23), and Plaintiff does not provide documentation of changes in the interest rate nor of notice to Decedent regarding these changes as would be required by the terms of the loan. (*Id.* at 27). Any renewed motion must include additional documentation of the amount owed.

IV.   **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 9) is **DENIED without prejudice**; and it is further

**ORDERED** that to the extent Plaintiff seeks to renew its motion for default judgment, curing the deficiencies identified, it must file and serve a renewed motion within thirty days of the date of this decision. If Plaintiff concludes that it is unable to proceed on this record it must notify the Court within thirty days of the date of this Decision; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>October 24, 2024</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge