UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AVAIL 1 LLC,

                              Plaintiff,

v.                                                                                                 1:23-cv-1527 (BKS/PJE)

MAUREEN LEMME, Executor of the
Estate of Robert J. Umholtz,

                              Defendant.
_____

**APPEARANCES:**

*For Plaintiff*:
Alan H. Weinreb
Margolin, Weinreb & Nierer, LLP
575 Underhill Boulevard, Suite 224
Syosset, New York 11791

**Hon. Brenda K. Sannes, Chief United States District Court Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

Plaintiff Avail 1 LLC brought this diversity action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Article 13, N.Y. Real Prop. Acts. Law § 1301 *et seq.*, seeking to foreclose a mortgage encumbering 49 Ramsey Place, Albany NY 12208. (Dkt. No. 1). Defendant Maureen Lemme, Executor of the Estate of Robert J. Umholtz, has failed to file an Answer to the Complaint. Presently before the Court is Plaintiff's renewed motion for default judgment under Rule 55(b) of the Federal Rules of Civil Procedure. (Dkt. No. 20). For the reasons stated below, Plaintiff's renewed motion for default judgment is denied.

## II.    BACKGROUND

Plaintiff brought its initial motion for default judgment on February 5, 2024. (Dkt. No. 9). The Court denied the motion due to Plaintiff's failure to prove compliance with the procedures required under RPAPL Article 13, and directed Plaintiff that any renewed motion must address the noted deficiencies. (Dkt. No. 14). The Court assumes familiarity with the facts of this case, as set forth in its previous decision.

## III.   DISCUSSION

### A.    Compliance with RPAPL

"In New York, prior to commencing a residential foreclosure action, a lender must comply with certain requirements set forth in the Real Property Actions and Proceedings Law." *CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550, 552 (2021); *see OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015). To state a valid mortgage foreclosure claim, Plaintiff must first establish the common law elements of: (1) the existence of a debt; (2) that is secured by a mortgage; and (3) a default on that debt. *OneWest Bank, N.A.*, 310 F.R.D. at 44 (citing *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012)). Second, Plaintiff must comply with the RPAPL service and filing requirements: (1) service of the statutory notice on the mortgagor with the summons and complaint,[1] (2) service of the statutory notice on the mortgagor prior to commencing the action,[2] (3) filing the required information with the superintendent of the New York State Department of Financial Services,[3] (4) service of a

---

[1] Section 1303 of the RPAPL requires the foreclosing party in a mortgage foreclosure action to serve a statutory notice entitled "Help for Homeowners in Foreclosure" with the summons and complaint. N.Y. R.P.A.P.L. § 1303; *see also OneWest Bank, N.A.*, 310 F.R.D. at 44 n.4.

[2] Section 1304 of the RPAPL requires, with regard to a reverse mortgage home loan, the lender to serve a statutory notice entitled "YOU COULD LOSE YOUR HOME TO FORECLOSURE." on the borrower 90 days before commencing the foreclosure action. N.Y. R.P.A.P.L. § 1304; *see also OneWest Bank, N.A.*, 310 F.R.D. at 44 n.3.

[3] Section 1306 of the RPAPL requires the lender to file the New York State Department of Financial Services' form containing the borrower's name, address, and last known telephone number together with the amount claimed as due

summons containing specified language,[4] and (5) filing the notice of pendency in compliance with RPAPL § 1331 and New York C.P.L.R. § 6511(a).[5] *Id.*

As the Court previously determined in ruling on Plaintiff's initial motion for default judgment, Plaintiff established the common-law elements of a mortgage foreclosure claim and its compliance with RPAPL §§ 1303, 1304, and 1331. (Dkt. No. 14, at 6–8). However, Plaintiff's prior motion did not adequately reflect whether Plaintiff had complied with RPAPL § 1306, RPAPL § 1320, and C.P.L.R. § 6511(a).

### 1. RPAPL § 1306

Pursuant to Section 1306(2), Plaintiff shall file with the superintendent of financial services a form including, inter alia, "the amount claimed as due and owing on the mortgage." N.Y. R.P.A.P.L. § 1306(2). "Any complaint served in a proceeding initiated pursuant to this article shall contain, as a condition precedent to such proceeding, an affirmative allegation that at the time the proceeding is commenced, the plaintiff has complied with the provisions of this section." § 1306(1). In connection with its original motion, Plaintiff merely provided a proof of filing statement from the New York State Department of Financial Services ("DFS") showing the "original loan" amount of $258,948. (Dkt. No. 9-4, at 82). The Court held this was insufficient to prove that Plaintiff properly filed the amount due and owing. (Dkt. No. 14, at 6–

---

and owing on the mortgage within three business days of mailing the § 1304 notice. N.Y. R.P.A.P.L. § 1306; *see also OneWest Bank, N.A.*, 310 F.R.D. at 44 n.5.

[4] Section 1320 of the RPAPL requires the lender to serve a summons that, in addition "to the usual requirements applicable to a summons in the court," contains a notice "in boldface" that reads "NOTICE YOU ARE IN DANGER OF LOSING YOUR HOME." N.Y. R.P.A.P.L. § 1320.

[5] Section 1331 of the RPAPL requires that the plaintiff "at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording." N.Y. R.P.A.P.L. § 1331. New York C.P.L.R. § 6511(a) requires that, unless the complaint has already been filed in the county in which the property affected is located, the complaint must be filed with the notice of pendency. N.Y. C.P.L.R. § 6511(a).

7). Importantly, neither the complaint nor the affidavit submitted by Plaintiff's counsel in connection with the original motion contained the requisite affirmative allegation of compliance. (*See* Dkt. Nos. 1, 9-1). On the renewed motion, Plaintiff has provided the same proof of filing statement, (Dkt. No. 20-7, at 2), but now also affirmatively attests that "Plaintiff has complied with RPAPL § 1306 by submitting the required filing to the New York State Department of Financial Services," including "the principal balance, reinstatement amount, and other relevant loan details." (Dkt. No. 20-1, ¶ 9). The Court finds that the proof of filing statement coupled with the affidavit is sufficient to establish compliance with § 1306. *See HSBC Bank USA, N.A. v. Bermudez*, 175 A.D.3d 667, 670–71 (2d Dep't 2019) (finding compliance with § 1306 where affiant confirmed that plaintiff complied with § 1306 and attached the proof of filing statement); *Wells Fargo Fin. Credit Servs. N.Y., Inc. v. Mammen*, 191 A.D.3d 737, 739 (2d Dep't 2021) ("A proof of filing statement from the New York State Department of Financial Services is sufficient to establish, prima facie, that the plaintiff complied with RPAPL 1306. Here, the plaintiff met its burden by submitting such a proof of filing statement." (citation omitted)); *Wilmington PT Corp. v. Gray*, No. 19-cv-1675, 2025 WL 857979, at *8, 2025 U.S. Dist. LEXIS 50559, at *21 (E.D.N.Y. Mar. 19, 2025) (explaining that a timely proof of filing would be sufficient to prove compliance with § 1306).

        2.     **RPAPL § 1320**

Plaintiff must serve a § 1320 notice along with the summons and complaint to Defendant. N.Y. R.P.A.P.L. § 1320. Prior to filing the initial motion for default judgment, Plaintiff filed an affidavit of service showing that the Defendant was served with, *inter alia*, the § 1320 notice, the summons, and the verified complaint. (Dkt. No. 5). The Court found that the moving papers supporting the initial motion were insufficient because they did not contain the § 1320 notice or the affidavit of service, and the § 1320 notice was not attached to the summons. (Dkt. No. 14, at

7–8). In support of the renewed motion, Plaintiff filed the affidavit of service with the § 1320 notice attached. (Dkt. No. 20-8, at 2, 5). Plaintiff's counsel also affirmed that "Plaintiff complied with RPAPL § 1320 by serving Defendant with the statutory [notice] along with the Summons and Complaint." (Dkt. No. 20-1, ¶ 10). The Court finds this sufficient to establish compliance with § 1320. *See Green Mountain Holdings (Cayman) LTD v. McEachern*, No. 22-cv-858, 2024 WL 1053327, at *9, 2024 U.S. Dist. LEXIS 21059, at *20–21 (E.D.N.Y. Feb. 5, 2024) (finding accompanying affidavits of service sufficiently demonstrated compliance with § 1320), *report and recommendation adopted,* 2024 WL 748672, 2024 U.S. Dist. LEXIS 31724 (E.D.N.Y. Feb. 23, 2024); *see also Nationstar Mortgage LLC v. Nedza*, 315 F. Supp. 3d 707, 708, 710 (W.D.N.Y. 2018) (finding that an affidavit of service stating the § 1320 notice was served together with the summons and complaint was sufficient to demonstrate compliance with § 1320).

### 3. C.P.L.R. § 6511(a)

Section 1331 of the N.Y. R.P.A.P.L. is subject to Section 6511(a) of N.Y. C.P.L.R. requiring plaintiffs to file the notice of pendency *with* the complaint to the County Clerk.[6] N.Y. C.P.L.R § 6511(a). After reviewing Plaintiff's submissions on the renewed motion for default judgment, the Court issued the following text order:

> In support of its renewed motion for default judgment, Plaintiff's counsel declared that "[t]he Notice of Pendency was filed in the Albany County Clerk's Office, along with a copy of the filed Complaint" in compliance with RPAPL §1331 and CPLR §6511(a). (Dkt. No. 20-1, ¶ 7). However, according to a search of the Albany County Clerk's website, only the Notice of Pendency was filed. The Court takes judicial notice of the stamped Notice of

---

[6] "The notice of pendency is 'an extraordinary privilege,' which permits a party to hinder the transfers of another's property without judicial intervention." *Ditech Financial LLC v. Sterly*, No. 15-cv-1455, 2016 WL 7429439 at *4, 2016 U.S. Dist. LEXIS 177934 at *10 (N.D.N.Y. Dec. 23, 2016) (citation omitted). Therefore, "'the New York Court of Appeals has required *strict compliance* with the statutory procedural requirements' of the notice of pendency." *Id.* (citations omitted) (emphasis added).

5

> Pendency obtained from the Albany County Clerk's website.
> Giraldo v. Kessler, 694 F.3d 161, 164 (2d Cir. 2012) ("We also
> take judicial notice of relevant matters of public record.").
> Accordingly, Plaintiff is directed to submit a response by
> 7/11/2025, with a declaration from Plaintiff's counsel, explaining
> this discrepancy and how Plaintiff seeks to proceed.

(Dkt. No. 21). In response, Plaintiff admits that the Complaint was not docketed and returned as filed by the Albany County Clerk. (Dkt. No. 22, ¶ 3). Plaintiff contends that the "failure to docket the Complaint appears to have resulted from an administrative oversight or miscommunication by the Clerk's Office." (*Id.* ¶ 4). Plaintiff mailed the Complaint to the Albany County Clerk for resubmission, and although Plaintiff has not yet received confirmation that it has been docketed, Plaintiff asks the Court to deem the Complaint filed *nunc pro tunc* as of January 8, 2024—the date the Notice of Pendency was filed—in accordance with N.Y. C.P.L.R § 6511(a). (*Id.* ¶ 6).

"The failure to file a complaint with the notice of pendency, as statutorily required, render[s] Plaintiff's notice defective and void." *Ditech Financial LLC v. Sterly*, No. 15-cv-1455, 2016 WL 7429439, at *5, 2016 U.S. Dist. LEXIS 177934, at *11 (N.D.N.Y. Dec. 23, 2016) (citing *Chateau Rive Corp. v. Riverview Partners, LP*, 18 A.D.3d 492, 493 (3d Dep't 2005)). A "defective and void" notice of pendency fails to adequately give notice to any possible parties that obtain an interest in the property from the time the lawsuit was filed until present, thereby potentially causing prejudice. *See Wilmington PT Corp. v. Danialian*, No. 19-cv-1972, 2023 WL 9184666 at *6, 2023 U.S. Dist. LEXIS 228715 at *13–15 (E.D.N.Y. Dec. 21, 2023) (holding a filing mistake resulting in a violation of section 1331 was not "minor" and could not be corrected pursuant to N.Y. C.P.L.R. § 2001[7] through *nunc pro tunc* relief, distinguishing from a "minor

---

[7] "At any stage of an action, including the filing of a summons with notice, summons and complaint or petition to commence an action, the court may permit a mistake, omission, defect or irregularity, including the failure to purchase or acquire and index number or other mistake in the filing process, to be corrected, upon such terms as may be just,

6

typographical error"), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 4818[8] (E.D.N.Y. Jan. 9, 2024).[9]

Accordingly, the Court declines to deem the Complaint filed *nunc pro tunc* as of January 8, 2024. *See Freedom Mortg. Corp. v. Thomas*, 736 F. Supp. 3d 163 at 167–68 (W.D.N.Y. 2024) (holding Plaintiff's Section 6511(a) submission noncompliant because "the . . . County Clerk's Office electronic filing stamp contain[ed] only the legal description of the [p]roperty, and not a copy of the complaint"). However, Plaintiff may refile its motion after correcting the above-described defect by refiling the notice of pendency *with* the Complaint with the Albany County Clerk's Office. *See U.S. Bank Trust, N.A. v. Valade*, No. 17-cv-173, 2020 WL 6196150 at *6–7, 2020 U.S. Dist. LEXIS 195963 at *18–19 (N.D.N.Y. Oct. 22, 2020) (denying default judgment without prejudice for section 6511(a) noncompliance, allowing plaintiff to refile after correcting the defect).

**B.   Damages**

A party's default "is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.,* 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). Accordingly, Plaintiff's contention that "Defendant has neither answered nor disputed the amounts due under the loan documents," (Dkt. No. 20-2, at 9), is insufficient to establish damages. On a motion for default judgment, a court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."

---

or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, provided that any applicable fees shall be paid." N.Y. C.P.L.R § 2001. However, Plaintiff does not cite this statute in its argument. (*See generally* Dkt. No. 22).

[8] No WL cite available.

[9] "The purpose of a notice of pendency is to provide constructive notice to a purchaser from any defendant named in the notice and bind a purchaser by all proceedings taken in the action after such filing." *5316 Church Ave. LLC v. Yhun*, No. 14-cv-7376, 2017 WL 4233022, at *2, 2017 U.S. Dist. LEXIS 155360, at *3 (E.D.N.Y. Sept. 22, 2017) (citing N.Y. C.P.L.R. § 6511(a)).

*Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234 (citing Fed. R. Civ. P. 55(b)(2)). The note and mortgage, as the governing instruments, should determine any default damages. *Builders Bank v. Rockaway Equities, LLC*, No. 08-cv-3575, 2011 WL 4458851, at *5, 2011 U.S. Dist. LEXIS 107409, at *13 (E.D.NY. Sept. 23, 2011).

      Plaintiff seeks "a Judgment of Foreclosure and Sale for the amounts due under the loan documents." (Dkt. No. 20-2, at 9). To grant such a judgment, the Court must find the amount due under the loan with reasonable certainty. In connection with the original motion for default judgment, Plaintiff submitted an affidavit from James Fratangelo, Manager of Avail 1 LLC identifying the total amount owed on the loan as $307,103.50.[10] (Dkt. No. 9-6, ¶ 8). Mr. Fratangelo's affidavit listed the unpaid principal as $257,792.03, but there was no documentation to indicate how this number was calculated. (Dkt. No., 14, at 9). The Court determined that Plaintiff did not provide adequate support to establish the amount owed and directed that any renewed motion include additional documentation of the amount owed. (*Id.* at 9–10). In connection with its renewed motion for default judgment, Plaintiff has submitted an updated affidavit from Mr. Fratangelo, stating that as of January 21, 2025, Defendant owed a markedly different unpaid principal of $140,592.61. (Dkt. No. 20-6, ¶ 8). Mr. Fratangelo now states that Defendant owes:

        Unpaid Principal                                $140,592.61
        Unpaid Interest                                 $98,474.93

---

[10] The correct calculation according to the original affidavit was $307,157.50. (*See* Dkt. No. 14 at 9, n.7).

8

|  |  |
|---|---|
| Mortgage Insurance Premium ("MIP") | $18,149.58 |
| Servicing Fees | $6,330.00 |
| TOTAL: | $263,547.12 |

(Dkt. No. 20-6, ¶¶ 8–14). Although the grand total in each affidavit is different, the grand total in the updated affidavit is now supported by an explanation from Mr. Fratangelo regarding the interest calculation, (*id.* ¶ 11), and a two page "Loan Summary," which simply contains the final figures, (*id.* at 5–6). There is no explanation for how Plaintiff calculated the unpaid principal or why Plaintiff has provided such disparate calculations of the amount owed.

A party can substantiate damages by providing a "transaction history or detailed breakdown of the date and amount of each type of disbursement." *Empire Cmty. Dev., LLC v. Larsen*, No. 23-cv-5896, 2024 WL 4575290 at *3, 2024 U.S. Dist. LEXIS 193808 at *8 (E.D.N.Y. Oct. 24, 2024) (citation omitted) (finding Plaintiff's loan summary "that ke[pt] a running total of payments through" the date of defendant's last payment paired with detailed interest calculations sufficient to establish damages amount), *report and recommendation adopted*, 2025 WL 327985, 2025 U.S. Dist. LEXIS 16115 (E.D.N.Y. Jan. 29, 2025). Here, the Loan Summary does not include a "transaction history" nor "a detailed breakdown of the date and amount of each type of disbursement" to substantiate the unpaid principal and interest amounts (Dkt. No. 20-6 at 5–6). Further, the updated affidavit and Loan Summary provide no explanation as to how the MIP or service fee balance were calculated. (*See generally id.*). Accordingly, Plaintiff has not provided a valid basis for damages.

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's renewed motion for default judgment (Dkt. No. 20) is **DENIED without prejudice**; and it is further

**ORDERED** that to the extent Plaintiff seeks to renew its motion for default judgment, curing the deficiencies identified, it must file and serve a renewed motion within thirty days of the date of this decision. If Plaintiff concludes that it is unable to proceed on this record it must notify the Court within thirty days of the date of this Decision; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 29, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge