UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AVAIL 1 LLC,

                                    Plaintiff,                    1:23-cv-01527 (BKS/PJE)

v.

MAUREEN LEMME, Executor of the Estate of Robert J.
Umholtz,

                                    Defendant.

---

**Appearances:**

*For Plaintiff:*
Alan H. Weinreb
Margolin, Weinreb & Nierer, LLP
575 Underhill Boulevard, Suite 224
Syosset, New York 11791

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.     INTRODUCTION

Plaintiff Avail 1 LLC brought this foreclosure action under Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"). (Dkt. No. 1). Defendant Maureen Lemme, executor of the estate of Robert J. Umholtz, failed to answer the complaint, and the Clerk of Court entered default on January 3, 2024. (Dkt. No. 7). Presently before the Court is Plaintiff's second renewed motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b). (Dkt. No. 26). For the reasons that follow, the motion is granted.

## II.    BACKGROUND

Plaintiff seeks to foreclose on a mortgage encumbering 49 Ramsey Place, Albany, New York 12208. (Dkt. No. 1, ¶ 1). The Court assumes familiarity with the facts and procedural

history of this case as set forth in its previous decisions denying Plaintiff's original and first renewed motions for default judgment. (*See* Dkt. Nos. 14, 23).

## III.   DISCUSSION

The Court previously determined that Plaintiff met the procedural requirements for entry of default judgment under Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55.2(b). (Dkt. No. 14, at 4). It addresses the remaining issues as to liability and damages in turn.

### A.   Liability

"In New York, prior to commencing a residential foreclosure action, a lender must comply with certain requirements set forth in the" RPAPL and Civil Practice Law and Rules ("CPLR"). *CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550, 552 (2021); *see also OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015). In addition to satisfying those RPAPL and CPLR requirements, the lender must also establish the common law elements of: (1) the existence of a debt; (2) that is secured by a mortgage; and (3) a default on that debt. *Conklin*, 310 F.R.D. at 44 (citing *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012)). In its prior decisions, the Court determined that Plaintiff satisfied the three common law elements, as well as the requirements set forth in RPAPL §§ 1303, 1304, 1306, 1320, and 1331. (Dkt. No. 14, at 6–8; Dkt. No. 23, at 3–5).

Following those decisions, the remaining provision Plaintiff has yet to satisfy is CPLR § 6511(a). (*See* Dkt. No. 23, at 5–7). That provision requires that the RPAPL § 1331 notice of pendency be filed with a copy of the complaint in the relevant county clerk's office. *See* CPLR § 6511(a); *Conklin*, 310 F.R.D. at 44. Concluding that Plaintiff failed to meet that requirement, the Court previously directed Plaintiff to "refile its motion after correcting [this] defect by refiling the notice of pendency *with* the [c]omplaint with the Albany County Clerk's Office." (Dkt. No. 23, at 7). In its most recent motion, Plaintiff explains that—instead of refiling the

notice of pendency with the complaint—Plaintiff sought and received "confirm[ation]" from the Albany County Clerk "that the Verified Complaint was in fact submitted and attached to the January 8, 2024 Notice of Pendency, and that the filing was incorrectly indexed when filed and [since] corrected" to include the complaint. (*See* Dkt. No. 26-2, at 3 (cleaned up)).

To support this assertion, Plaintiff has submitted a receipt from the Albany County Clerk dated August 7, 2025. (Dkt. No. 26-9, at 2). Although the receipt reflects the correction Plaintiff notes, it appears that correction was made in August 2024, before the Court's July 2025 decision denying Plaintiff's first renewed motion. (*See id.*). In any event, the Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012); *see also Plenitude Cap. LLC v. Utica Ventures, LLC*, No. 18-CV-2702, 2019 WL 4014840, at *5 n.7, 2019 U.S. Dist. LEXIS 99565, at *11 n.7 (E.D.N.Y. June 11, 2019). And an online search of publicly available records from the Albany County Clerk reveals that the notice of pendency has been filed with a copy of the complaint in this action. Specifically, the two are filed as a single document together with a description of the property, all labeled as instrument number "LP24-7." (*See* Dkt. No. 26-9, at 3–15 (copy of instrument number "LP24-7" identical to document reflected in publicly available online records)). Additionally, Plaintiff has submitted a declaration specifically averring that Plaintiff "physically attached and submitted" a copy of the complaint with the notice of pendency at the time of filing. (Dkt. No. 26-1, ¶ 7). The first page of instrument number "LP24-7" bears an Albany County Clerk stamp reflecting that it was received on January 8, 2024, consistent with counsel's declaration. (*Id.*; *see also* Dkt. No. 26-9, at 3).

In light of this evidence, the Court concludes that Plaintiff has cured the last remaining deficiency identified in its previous decision. *See Conklin*, 310 F.R.D. at 44 (deeming § 6511(a) satisfied where counsel "submitted an affidavit confirming that a copy of the complaint filed [in

3

the district court] was filed with the notice of pendency"); *Nationstar Mortg. LLC v. Atanas*, 285 F. Supp. 3d 618, 622–23 (W.D.N.Y. 2018) (relying on attorney affidavit and county clerk time stamp to deem § 6511(a) satisfied).

### B. Damages

A party's default "is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). On a motion for default judgment, a court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers*, 699 F.3d at 234 (citing Fed. R. Civ. P. 55(b)(2)). The note and mortgage, as the governing instruments, should determine any default damages. *See Builders Bank v. Rockaway Equities, LLC*, No. CV 2008-3575, 2011 WL 4458851, at \*5, 2011 U.S. Dist. LEXIS 107409, at \*13 (E.D.N.Y. Sept. 23, 2011).

Here, "Plaintiff does not seek monetary damages against Defendant personally but rather *in rem* relief through a Judgment of Foreclosure and Sale." (Dkt. No. 26-2, at 5). To grant such a judgment, the Court must find the amount due under the loan with reasonable certainty. A party can "substantiate[] damages by providing a transaction history or detailed breakdown of the date and amount of each type of disbursement." *See Empire Cmty. Dev., LLC v. Larsen*, No. 2:23-cv-05896, 2024 WL 4575290, at \*3, 2024 U.S. Dist. LEXIS 193808, at \*8 (E.D.N.Y. Oct. 24, 2024) (cleaned up) (finding Plaintiff's loan summary "that ke[pt] a running total of payments through" the date of defendant's last payment paired with detailed interest calculations sufficient to

4

establish damages amount), *report and recommendation adopted*, 2025 WL 327985, at *1, 2025 U.S. Dist. LEXIS 16115, at *2 (E.D.N.Y. Jan. 29, 2025).

Plaintiff has submitted a September 16, 2025 affirmation from James Fratangelo, Avail 1 LLC's manager, along with several exhibits. (*See* Dkt. No. 26-6). Fratangelo avers in relevant part as follows. As of the date of his affirmation, "the total amount due to Plaintiff is $270,400.40, comprised of: $140,592.61 in principal; $105,328.21 in accrued interest; $18,149.58 in Mortgage Insurance Premiums; and $6,330.00 in servicing fees." (*Id.* at 4). The mortgage "is in effect a credit line with monies advanced to the [b]orrower that is reflected in the loan balance." (*Id.* at 2). Pursuant to the mortgage, "the death of the [b]orrower, and the absence of a surviving co-borrower, entitles the lender to demand immediate payment in full of all sums due under the [n]ote." (*Id.* at 3; *see also* Dkt. No. 1-1, at 8, 16 (copies of mortgage and note attached to complaint)). The borrower here, Umholtz, passed away in February 2020. (Dkt. No. 26-6, at 3; *see also id.* at 6–17 (petition for and state court decree granting probate)). Since his death, "[n]o payments have been made," "and the loan is in default." (*Id.* at 3).

Fratangelo attached to his affirmation an April 20, 2023 "HUD Loan Transactions spreadsheet." (*Id.*). That spreadsheet reflects the dates and amounts disbursed as the principal, as well as accrued interest, mortgage insurance premiums, and service fees, between September 14, 2005 and March 31, 2023, (*id.* at 19–29). The amounts reflected in the spreadsheet as to the principal, premiums, and service fees sum to the respective totals described above. (*See id.*). The amounts as to accrued interest sum to $82,289.41. (*See id.*). To calculate the interest accrued between April 1, 2023 and the date of his affirmation, Fratangelo also attached a "HUD Loan Summary," (*id.* at 3), reflecting that the interest rate from April 1 to April 30, 2023 was 6.560%, and rose to 6.650% from May 1, 2023 through September 16, 2025. (*Id.* at 31). Based on those

5

rates, Fratangelo says, interest accrued at a per diem of $25.27 from April 1 to April 30, 2023, and a per diem of $25.61 from May 1, 2023 on.[1] (*Id.* at 3). Thus, as Fratangelo notes, $758.10 of interest accrued during the first of those two time periods, and $22,280.70 accrued during the second. (*Id.*). Accordingly, $105,328.21 of interest has accrued, and the total amount due to Plaintiff is $270,400.40. (*Id.* at 3–4).

Based on the documentation provided, the Court concludes that Plaintiff has substantiated that amount with reasonable certainty. *See Larsen*, 2024 WL 4575290, at *3, 2024 U.S. Dist. LEXIS 193808, at *8. Additionally, Plaintiff's proposed judgment of foreclosure and sale seeks pre- and post-judgment interest. (*See* Dkt. No. 26-3, at 1, 3). Plaintiff is entitled to both— specifically, per diem pre-judgment interest in the amount of $25.61 (based on the 6.650% per annum interest rate) from September 17, 2025 through entry of judgment, and post-judgment interest pursuant to 28 U.S.C. § 1961(a) thereafter. *See Windward Bora, LLC v. Brown*, No. 21-CV-03147, 2022 WL 875100, at *5, 2022 U.S. Dist. LEXIS 53204, at *13–14 (E.D.N.Y. Mar. 24, 2022); *see also Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008).

Finally, Plaintiff seeks additional costs, including: a $750 fee to be paid to the referee; "expenses of the sale and . . . advertising expenses"; and "sums expended by Plaintiff for taxes, assessments, water rates, and sewer rents, with lawful interest and penalties thereon." (Dkt. No. 26-3, at 3). Although Plaintiff did not expressly request this relief in its complaint, it did request "expenses of [the] sale." (Dkt. No. 1, at 7). So the Court concludes that such costs are appropriate. *Brown*, 2022 WL 875100, at *6, 2022 U.S. Dist. LEXIS 53204, at *14–15; *see also Windward Bora, LLC v. Castiglione*, No. 18-CV-1766, 2019 WL 2435670, at *5–6, 2019 U.S.

---

[1] Fratangelo avers that these interest rates are per annum interest rates. (Dkt. No. 26-6, at 3). Thus, his affirmation has accurately calculated these per diem amounts. *See OneWest Bank, N.A. v. Raghunath*, No. 14-CV-3310, 2015 WL 5774784, at *1 n.2, 2015 U.S. Dist. LEXIS 131465, at *3 n.2 (E.D.N.Y. Sep. 29, 2015) (explaining formula for calculating daily interest based on outstanding principal and per annum interest rate).

Dist. LEXIS 5715, at *10–12 (E.D.N.Y. Jan. 10, 2019), *report and recommendation adopted*,

2019 U.S. Dist. LEXIS 38917, at *1–2 (E.D.N.Y. Mar. 8, 2019).[2]

## IV.    CONCLUSION

For these reasons, and those set forth in the Court's previous decisions, (Dkt. Nos. 14,

23), it is hereby

**ORDERED** that Plaintiff's second renewed motion for default judgment (Dkt. No. 26) is

**GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for Judgment of Foreclosure and Sale (Dkt. No. 26) is

**GRANTED**; and it is further

**ORDERED** that the Clerk is respectfully directed to serve a copy of this decision on all

parties in accordance with the Local Rules.

The Court will enter a Judgment of Foreclosure and Sale under separate Order.

**IT IS SO ORDERED.**

Dated: <u>May 26, 2026</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

[2] No Westlaw citation available.