**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

AVAIL 1 LLC,

                              Plaintiff,                              1:23-cv-01527 (BKS/PJE)

v.

MAUREEN LEMME, Executor of the Estate of Robert J.
Umholtz,

                              Defendant.

**Appearances:**

*For Plaintiff:*
Alan H. Weinreb
Margolin, Weinreb & Nierer, LLP
575 Underhill Boulevard, Suite 224
Syosset, New York 11791

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### JUDGMENT OF FORECLOSURE AND SALE

**IT IS HEREBY ORDERED** that Plaintiff's motion for judgment of foreclosure and sale

(Dkt. No. 26) is **GRANTED**; and it is further

**ORDERED** that Judgment of Foreclosure and Sale is entered against Maureen Lemme,

Executor of the Estate of Robert J. Umholtz, in the amount of  $270,400.40, comprised of

principal, interest, mortgage insurance premiums and servicing fees as permitted by the

Mortgage, together with interest continuing to accrue at the contract rate of 6.650% per annum

on the unpaid principal from September 17, 2025, until entry of judgment, and the statutory rate

as provided in 28 U.S.C. § 1961(a) thereafter, as well as any further allowable advances, taxes,

and insurance recoverable under the Note and Mortgage; and it is further

**ORDERED** that the mortgaged premises described in the Complaint and described in Schedule "A" annexed hereto are to be sold pursuant to this Judgment, together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof; and together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgage premises, all as more fully set forth in the aforementioned mortgage; and it is further

**ORDERED** that the mortgaged premises be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in the New York Real Property Actions and Proceedings Law ("RPAPL") § 1354; and it is further

**ORDERED** that such sale occur at public auction by and under the direction of Mark Kassner, Esq., who is hereby designated as Referee herein to sell the mortgaged premises in accordance with that purpose; and it is further

**ORDERED** that said Referee give public notice of the time and place of such sale in accordance with RPAPL § 231 in the Albany Times Union newspaper; and it is further

**ORDERED** that, in the case the Plaintiff shall become the purchaser at the said sale, Plaintiff shall not be required to make any deposit thereon, and that said Referee or his/her duly appointed designee, execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a third party other than the Plaintiff becomes the purchaser or purchasers at

such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED** that said Referee or his duly appointed designee then deposit the balance of said proceeds of the sale in his own name as Referee in an FDIC Insured Bank and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by said depository:

FIRST: The sum of $750.00 to said Referee for his fees herein.

SECOND: The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by him to be correct, duplicate copies of which shall be left with said depository.

THIRD: The sum of $270,400.40, adjudged due Plaintiff as of September 16, 2025, together with interest thereon from September 17, 2025 until entry of judgment, and thereafter at the statutory post-judgment rate, plus any sums expended by Plaintiff for taxes, assessments, water rates, and sewer rents, with lawful interest and penalties thereon, recoverable under the Note and Mortgage, or so much thereof as the purchase money will pay; and it is further

**ORDERED** that Plaintiff seeks and shall recover *in rem* relief only, and no deficiency judgment shall be sought against Defendant personally. The Referee shall note in his report if the proceeds of the sale are insufficient to satisfy the amounts due, but no deficiency shall be awarded; and it is further

**ORDERED** that, in the event that the Plaintiff is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff, and a valid assignment thereof be filed with the said Referee or his duly appointed designee, said Referee or designee

3

shall not require Plaintiff to pay in cash the amount bid at such sale, but shall execute and deliver to Plaintiff a deed of the premises sold. Plaintiff shall pay the amount specified in the items marked "FIRST" and "SECOND" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Referee or his duly appointed designee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by Plaintiff, to the amounts due Plaintiff in the item marked "THIRD," and if there be a surplus over and above said amounts due Plaintiff, Plaintiff shall pay to said Referee or his duly appointed designee upon delivery of said Referee's Deed, the amount of such surplus, and said Referee or his duly appointed designees shall deposit said surplus as hereinabove directed. Said Referee or his duly appointed designee shall make his report of such sale and shall file it with the Clerk of the Court with all convenient speed; and it is further

ORDERED that the purchaser at said sale be let into possession on production of the said Referee or his duly appointed designee's deed; and it is further

ORDERED that the Defendant in this action, and all the persons claiming under her, or any or either of them, after filing of the notice of the pendency of this action, be and hereby be forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

ORDERED that the Referee appointed herein be served with a signed copy of the Judgment of Foreclosure and Sale; and it is further

ORDERED that the Clerk shall serve a copy of this Judgment of Foreclosure and Sale on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>May 26, 2026</u>
      Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

4

**SCHEDULE A**

Section 75.35 Block 1 and Lot 29

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the 18th Ward of the City of Albany, County of Albany and State of New York, being known and designated as Lot No. 49 on a revised map of land called Ramsey Court belonging to Charles Van Schoick, made by W.W. Chadsey, C.E., dated June 13, 1922 and duly filed in the Albany County Clerk's Office June 30, 1922, which said lot is bounded and described as follows:

> Easterly and in front by the Westerly line of Ramsey Place, 40 feet along the same; Northerly by Lot No. 47, 165.40 feet along the same; Westerly by New Scotland Home Site property, 40.01 feet along the same; Southerly by Lot No. 51, 166.46 feet along the same, all as shown on said map.

Premises known as 49 Ramsey Place, Albany, New York 12208

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

**(a) Appeal in a Civil Case.**

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.